RUMSEY *et al. v.* NEW YORK & N. E. R. Co.

*(Supreme Court, General Term, Second Department.   February 11, 1889.)*

1. NAVIGABLE WATERS—OBSTRUCTION OF RIVER FRONT—RAILROAD COMPANIES.
    A railroad company built its track on land under water, in the Hudson river, par-
    allel with plaintiffs' land fronting on the river, and constructed a culvert in its em-
    bankment opposite plaintiffs' land, outside of which plaintiffs built a dock, by means
    of which, and a tramway running through the culvert, their brick could be loaded
    for shipment down the river.   Afterwards the state conveyed by deed, without res-
    ervation to the company, land under water, between the embankment and the chan-
    nel, completely inclosing the culvert and dock.   On the land so conveyed, and be-
    tween the dock and the channel, defendant constructed its road; thus cutting off
    access to the dock.   *Held* that, as the conveyance was absolute, plaintiffs had no
    right to cross the land conveyed, and consequently were not damaged by the ob-
    struction.

2. SAME—DUTY TO RESTORE STREAM—HOW ENFORCED—PARTIES.
    If defendant is bound to restore the stream, under the general railroad act, the
    statutory remedy, and not a private action for illegal obstruction, must be pursued,
    and in such proceeding the first-mentioned railroad company would be a necessary
    party.

Appeal from circuit court, Dutchess county.
Action by Harriet S. Rumsey and others against the New York & New
England Railroad Company, for damages for obstructing plaintiffs' dock and
right of way.   The plaintiffs own lands along the east shore of the Hudson
river, which they obtained by devise from James Rumsey, their father.   He
never had any grant for any land under water in front of said premises, but
in 1849, when the Hudson River Railroad was being constructed, it took a
small piece of these uplands from James Rumsey, and thence, passing upon
land under water, ran nearly parallel with his shore-line, all along his river
front, and between the shore and the channel of the river.   James Rumsey

gave said company a warranty deed, not only for the piece of upland so taken, but also for the piece or strip under water, which he had no title to. The rail-road company soon after constructed its road, and in so doing raised a solid embankment of earth and stones upon the land under water so deeded to it, rising considerably above the highest tides. In this embankment, in front of the Rumsey shore, it left a single culvert or opening, through which the tide flowed in and out, to and from the bay thus formed between Rumsey's shore and the railroad embankment. To this culvert a tramway was constructed from the Rumsey lands, and a dock was built on the westerly or river side of the embankment, near the outer end of the culvert. By using this tramway and culvert, the occupants of the Rumsey lands along the shore were able to transport brick from their brick-yards to the dock, and thence in vessels to New York. In 1873 the Hudson River Railroad Company obtained a patent from the state for lands under water, including all west of said embankment, (at the place in question,) and completely inclosing the outer end of the cul-vert and the dock before mentioned. In 1881 the defendant company built its line of railway, and at this point located it nearly parallel with the Hudson River Railroad's embankment, and between the dock and culvert before re-ferred to and the river channel. The defendant's roadway in front of said dock and culvert was located on lands (under water) granted as aforesaid by the state to the Hudson River Railroad Company, and it formed a barrier impassable to vessels between the dock and the river channel. The plaintiffs now sue the defendant for damages caused by cutting off communications be-tween their dock and the river, and thus depreciating the rental value of their brick-yard property along shore.

The court (BARNARD, J.) rendered judgment for defendant, delivering the following opinion: "Assuming that the plaintiffs have a right of way under the Hudson River Railroad, with the right, under its charter, to erect a dock 'outside of said railroad,' it was not a right which controlled the legislature in respect to the Hudson river in front of it. *Lansing* v. *Smith*, 4 Wend. 11. The case shows that the commissioners of the land-office have conveyed the land under water, in front of the plaintiffs' dock, to the Hudson River Railroad Company. The defendant has, in pursuance of legislative authority, built its road outside, and in some places partly on, the Hudson-River grant. The defendant has made no passage-way under its road for vessels to go to the plaintiffs' brick-yard; in fact, its grade is too low to allow a passage under its tracks for brick vessels. No request has been shown for a way out for ves-sels. Can the plaintiffs sue the defendant for an obstruction of a way, as in-cident to ownership of the main-land? There seem to be two serious objec-tions to the action: The Hudson River Railroad Company is not a party, and there is nothing to show that the grant to it is in any way illegal. The land under water belonged to the state, and the commissioners of the land-office had authority to sell it. Chapter 140, Laws 1850; chapter 625, Laws 1881. The sale under *Lansing* v. *Smith* was legal, as against an inner dock-owner. The second objection is that an owner of the main-land, as against one who acts under state authority, has no standing for an individual action based upon a right of way from the main-land. No such right of way exists. An owner of the main-land has no other or different right than any other citizen. *Gould* v. *Railroad Co.*, 6 N. Y. 522. If the defendant is bound to restore the stream, under the general railroad act, that remedy is open to plaintiffs. If it exists, it gives no remedy by action as for an illegal obstruction to a private way. There is no private way, but only a right to enforce an opening in the track, if that be necessary to restore the stream to its former usefulness. That could not be determined without the Hudson River Railroad Company being brought in. There should be judgment, therefore, for the defendant."

Argued before DYKMAN and PRATT, JJ.

*H. H. Hustis*, for appellants. *Walter C. Anthony*, for respondent.

PRATT, J.   The conveyance from the people to the New York Central &
Hudson River Railroad Company was absolute.   It contained no reservation
such as is found in the conveyance to Sargent, in reserving to "each and every
of the people the full and free right to use the same until the same should be
applied to the purpose of commerce," etc.   Being an absolute conveyance, the
plaintiffs have no right to cross the land thereby conveyed.   Hence, in judg-
ment of law, the plaintiffs are not damaged by defendant's interposing an ad-
ditional obstacle between plaintiffs' yard and the navigable water.   There are
other objections to plaintiffs' right to recover, but they are so fully set forth
in the special opinion, which is adopted, that no further discussion is required.
Judgment affirmed, but as the case is one of extreme hardship, without costs
of appeal.   All concur.